IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SANJANETTA BARNES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:11-cv-201-MEF |
| v. ) | (WO) |
| ) | |
| CITY OF DOTHAN, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This cause comes before the Court on two motions, both filed by the plaintiff, Sanjanetta Barnes. The first is Barnes's Motion for Leave to File Motion to Reconsider Beyond Deadline (Doc. # 31). This motion cryptically informs the Court that Barnes's counsel failed to file a motion by a Court-imposed deadline, "[d]ue to a combination of limited technological access and scheduling conflicts." The second is the belated response itself, her Motion to Reconsider (Doc. # 30). Both motions are due to be denied for the reasons discussed below, and her complaint is due to be dismissed without prejudice.

On January 31, 2012, this Court issued a Memorandum Opinion and Order (Doc. # 29) granting defendant Nick McElveen's motion to dismiss. In the opinion, the Court explained why it granted McElveen's motion: Barnes had failed to allege that she satisfied the favorable termination rule set forth in *Heck v. Humphrey*, 517 U.S. 477

1

(1994). Because her failure to comply with *Heck* seemingly barred her claims against the other defendants too, the Court ordered Barnes to show cause, on or before February 10, 2012, as to why the claims against the remaining defendants should not be dismissed as well.

Barnes, or more accurately, her counsel, did not respond until February 12—two days after the deadline. Even so, the Court will address the merits of her response. Barnes contends that *Heck*'s favorable termination rule only applies when the plaintiff asserts a claim for malicious prosecution. To support this assertion, she cites to *Kingsland v. City of Miami*, 382 F.3d 1220 (11th Cir. 2004), a case where the Eleventh Circuit allowed a plaintiff to proceed with claims for filing a false report and submitting a recklessly false arrest warrant application. Barnes further notes that she has brought claims similar to those brought by the *Kingsland* plaintiff.

These arguments are unpersuasive. In *Kingsland*, the state prosecutor dropped the underlying charges, 382 F.3d at 1225, meaning that the plaintiff received a favorable termination in the state court criminal case against her. Thus *Heck* did not apply. And contrary to Barnes's contentions, no court has suggested that *Heck* only applies to malicious prosecution claims. Rather, federal courts agree that the favorable termination rule applies when a § 1983 action would impugn an unaltered state court conviction.

As the Court noted in its Memorandum Opinion, Barnes did not allege that she had her state court conviction reversed or dismissed or otherwise disposed of in her

favor. Nor did she argue that allowing her claims to go forward would in no way impugn the validity of that conviction—indeed, plaintiff's counsel ignored this question altogether. *Heck*, therefore, bars Barnes's claims not only against McElveen but also against the remaining defendants.

Accordingly, it is hereby ORDERED that:

1. Barnes's Motion to Reconsider (Doc. # 30) is DENIED;

2. Barnes's Motion for Leave to File Motion to Reconsider Beyond Deadline (Doc. # 31) is DENIED AS MOOT; and

3. The claims against the remaining defendants are DISMISSED without prejudice.

Done this the 14th day of February, 2012.

/s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE